**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| H2 INTELLECT LLC,<br>*Plaintiff*,<br>v.<br>THE HOME DEPOT, INC., HOME DEPOT U.S.A. INC., *and* HOME DEPOT PROD-UCT AUTHORITY, LLC,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:25-CV-00123-JRG-RSP |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Partial No Evidence Summary Judgment Motion on Certain Home Depot Affirmative Defenses. **Dkt. No. 182.** In the Motion, H2 asserts that Home Depot has not presented evidence supporting the elements of Home Depot's (1) prosecution history estoppel and disclaimer defenses; (2) waiver and estoppel defenses; (3) prosecution laches defense; (4) unclean hands defense; and (5) acquiescence defense. *Id.* at 1. In response, Home Depot withdraws all of these defenses other than disclaimer, which the Court considered and rejected as part of its pretrial rulings on claim construction, Dkt. No. 206 at 1, and which H2 does not dispute has been properly preserved for appeal, Dkt. No. 235 at 1 n.1. Accordingly, because there is no live dispute concerning the Motion, it should be **DENIED AS MOOT**.

A party's failure to file written objections to the findings, conclusions, and recommenda-tions contained in this Report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see also* *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*).

Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 4th day of October, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE